NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARISOL PIMENTAL, et al, <br><br> Plaintiffs, <br><br> v. <br><br> KEYS SCHOOL, INC., MARTIZA LEGRA, et al., <br><br> Defendants. | Civil Action No.: 10-3060  (JLL) <br><br><br><br> **O R D E R** |

This matter comes before the Court by way of Plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), and it appearing that:

1. Plaintiff's Complaint was filed with this Court on June 16, 2010.

2. Defendant Martiza Legra was served with a copy of the summons and complaint on July 1, 2010 (D.E. 3).

3. Defendant Keys School Inc. was served with a copy of the summons and complaint on August 18, 2010 (D.E. 13)

4. Defendant Keys School Inc. Plan was served with a copy of the summons and complaint on April 15, 2011 (D.E. 15)

5. To date, none of the above named defendants has answered or otherwise responded to Plaintiff's Complaint.

6. On April 6, 2011, default as to the Defendant Keys Schools, Inc. was entered by the Clerk's Office.

7. On May 18, 2011, default as to the Defendant Keys Schools, Inc. Plan was entered by the Clerk's Office.

8. On April 4, 2011, default as to the Defendant Legra was entered by the Clerk's Office.

9.    Plaintiff filed a motion for default judgment as to all Defendants on May 20,
      2011.  Default judgment is governed by Federal Rule of Civil Procedure 55.
      Rule 55(a) provides, in relevant part, as follows: "When a party against
      whom a judgment for affirmative relief is sought has failed to plead or
      otherwise defend, and that failure is shown by affidavit or otherwise, the
      clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Thereafter, the
      plaintiff may seek the Court's entry of default judgment under either Rule
      55(b) (1) or Rule 55(b)(2)." Doug Brady, Inc. v. N.J. Bldg. Laborers
      Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted). The
      entry of default judgment is a matter judicial discretion.  Huertas v.
      Ameritrade, Inc., No. 06-1430 (RBK), 2007 WL 1851001, at * 2 (D.N.J. June
      26, 2007).

10.   To date, neither Defendant Keys Schools, Inc., nor Defendant Keys Schools,
      Inc. Plan has filed an opposition in connection with Plaintiff's motion for
      default judgment.  Defendant Legra, however, has filed an application to file
      an answer out of time which – given Defendant's *pro se* status and the
      procedural posture of this action – the Court construes as a motion to vacate
      the entry of default. Rule 55(c) provides that the entry of default may be
      vacated for "good cause." Fed.R.Civ.P. 55(c). In this circuit, the three factors
      weighed by a court in vacating default are: prejudice to the plaintiff,
      availability of a meritorious defense, and whether the default was entered due
      to the culpable conduct of the defaulting party. Budget Blinds, Inc. v. White,
      536 F.3d 244, 256 (3d Cir.2008) (describing three-factor test as applicable to
      vacating default or vacating default judgment).  Here, Plaintiff has failed to
      articulate why the these three factors weigh in her favor.  However, given that
      the Third Circuit favors the trial of cases and because "courts in this circuit
      seem unwilling to deny the motion to set aside entry of default solely on the
      basis that no meritorious defense exists", Mike Rosen & Assocs. P.C. v.
      Omega Builders, Ltd., 940 F.Supp. 115, 121 (E.D.Pa.1996) (citations
      omitted), this Court will afford Defendant Legra an opportunity to articulate

why the three factors weigh in her favor.

Accordingly, **IT IS** on this **26th day of July, 2011,**

**ORDERED** that Plaintiff's motion for default judgment [Docket Entry No. 19] against Defendant  Defendant Keys Schools, Inc. and Defendant Keys Schools, Inc. Plan is **granted** solely as to liability and **denied without prejudice** at to Defendant Legra; and it is further

**ORDERED** that Plaintiff's application to file an answer out of time – here, construed as an application to vacate the entry of default – is **denied without prejudice** to be filed within fifteen days of the entry of this order; and it is further

**ORDERED** that, given the very early stage of this litigation and that the matter may potentially proceed as to Defendant Legra, the Court will reserve on the issue of damages at this time.  Plaintiff shall seek guidance from the magistrate judge assigned to this case to determine the appropriate time in which to renew its request for a proof hearing.

**SO ORDERED.**


/s/ JOSE L. LINARES
UNITED STATES DISTRICT JUDGE